**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Glenda Falwell, Kevin Falwell,<br><br>    Plaintiffs,<br><br>        v.<br><br>Sheriff Michael L. Chapman, Loudoun County Sheriff Department, Kelly Maio, Dr. Richard Conner, Loudoun County Mental Health Department, Rashika J. Rentie, Eric Sharins, Karen E. Kirkpatrick, Buta Biberaj, Stewart Marcantel, Justin M. Sperling, Brandon Nolan, Magistrate Victoria C. Dronsick,<br><br>    Defendants. | Civil No. 24-1468 (GMM) |

**MEMORANDUM AND ORDER**

Glenda and Kevin Falwell ("Plaintiffs" or "Falwells"), filing *pro se*, have filed a *Complaint for Violation of Civil Rights* against Sheriff Michael L. Chapman, the Loudoun County Sheriff Department, Kelly Maio, Dr. Richard Conner, the Loudoun County Mental Health Department, Rashika J. Rentie, Eric Sharins, Karen E. Kirkpatrick, Buta Biberaj, Stewart Marcantel, Justin M. Sperling, Brandon Nolan, and Magistrate Victoria C. Dronsick (collectively "Defendants) for violations of "Federal Laws that protect people with disability and senior citizens," and

"Plaintiffs' Constitutional Civil Rights and Human Rights" (Docket No. 1 at 4). Among the remedies requested, Plaintiffs seek $25,000,000 in damages. (Id. At 6). Plaintiffs have also filed a *Motion Requesting Appointment of Counsel*. (Docket No. 2). For the reasons explained below, the case is **TRANSFERED** to the United States District Court for the Eastern District of Virginia.

## I.  BACKGROUND

Plaintiffs are residents of Ashburn, Virginia. (Docket No. 1 at 6). They allege that the Louden County Sheriff Department engaged in police brutality and participated in a conspiracy among all Defendants to pursue "false charges" against Kevin Falwell following his arrest on October 6, 2022. (Docket No. 1, at 5-6). Plaintiffs also allege that Mr. Falwell's court appointed attorney "engaged in a campaign of intimidation, threatening Plaintiff with jail," and "refused to present evidence that would have exonerated the Plaintiff from all criminal charges and proven the Sheriff Department and the deputies that they were lying under oath." (Id. at 5). Plaintiffs further allege that they were wrongfully denied records for evaluations conducted by court-appointed physicians and Plaintiffs legal documents after the charges were dropped. (Id.). Plaintiffs state that the damage inflicted by Defendants "produced long term and short term damage to [Mr. Falwell's] mental, [and] physical health and threatened in many ways their

wellbeing." (Id. at 6). Upon those facts, Plaintiffs request $25,000,000 "reparation, in punitive damages, for ruining their reputation, for the negligence and injury and false statements against the Plaintiff and the horrifying experience the police put them through unnecessarily." (Id.).

## II. LEGAL STANDARD

A civil action brought in a Federal District Court must be filed in the proper venue. Pursuant to 28 U.S.C. § 1391(b), venue is proper as follows:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In actions against an officer or employee of the United States, venue is proper where "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). A party may turn

to the third alternative only if the first two provisions of § 1391(b) fail to provide an appropriate forum. Uffner v. La Reunion Francaise, S.A., 244 F.3d 38, 42 n.4 (1st Cir. 2001).

Although the Court may not dismiss a case for improper venue *sua sponte*, Section 1404(a) of the Judicial Code of the United States allows, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

Courts may transfer an action under § 1404(a) on their own initiative after taking into account the interest of justice. *See* Desmond v. Nynex Corp., 37 F.3d 1484 (1st Cir. 1994) ("It is well settled that a court may transfer a case *sua sponte* pursuant to 28 U.S.C. §§ 1404(a) ....") (citing Caldwell v. Palmetto State Sav. Bank, 811 F.2d 916, 919 (5th Cir. 1987)); Concilio Mision Cristiana Fuente de Agua Viva, Inc. v. Ortiz-Hernandez, No. CV 22-1206 (RAM), 2024 WL 326796 (D.P.R. Jan. 29, 2024).

### III. **ANALYSIS**

This Court is likely the wrong venue for Plaintiff's claims. Each of the Defendants resides in the state of Virginia, specifically, within the Eastern District of Virginia. *See* Docket No. 1 at 2-3. Further, none of the events alleged in the Complaint appear to have taken place outside of the Eastern District of

Virginia. *See* Id. There is no connection between any of the named parties or the events pled in the Complaint that allow the Court to determine that venue is proper in the District of Puerto Rico, and Plantiffs do not allege as much. In fact, Plaintiffs' only reason for filing their case in this District is their belief that "[d]ue to the nature of this civil rights violation, the powerful agencies involved and the cover up conspiracy, Litigant strongly believes that this case will be dismissed in Virginia District Court to protect the Defendants and all those Involved in protecting the defendants." Id. at 4. Thus, the requirements for proper venue under § 1391(b) have not been met in the present case.

The Court may now, after determining that venue is improper in this District, determine in which district this case "might have been brought" in the first place, meaning a district with where venue is proper, and the court has jurisdiction over the matter and the parties. 28 U.S.C. § 1404(a). The most appropriate district is the Eastern District of Virginia.

All defendants reside within the Eastern District of Virginia and all conduct alleged in the Complaint took place in the same. *See* (Docket No. 1 at 5-6). Therefore, venue is proper in the Eastern District of Virginia. See § 1391(b).

In addition, Plaintiffs appear to state that this Court has subject matter jurisdiction over this case under federal question jurisdiction under 28 U.S.C. §1331. *See* Id. ("This Motion is filed

in this District Court for the following reasons: Federal Laws that protect people with disability and senior citizens have been violated. Plaintiffs' Constitutional Civil Rights and Human Rights have been violated."). The Eastern District of Virginia would have subject matter jurisdiction for the same reason. Finally, Eastern District of Virginia would also have personal jurisdiction over each of the defendants as they all reside or are located within that district. *See* Id. at 2-3.

Not only could this case have been brought in the Eastern District of Virginia, the "convenience of the parties" and the "interest of justice" also point towards transferring this case to its proper venue. As previously stated, all events alleged in the complaint took place in Virginia, meaning that all witnesses and evidence are likely also located in Virginia. It is also in the interest of justice to have this case litigated in Virginia. The issues in this case are also of significant local interest (police brutality and government conspiracy) for that state. This means citizens in that venue have a stronger interest in deciding this case than do citizens of Puerto Rico. *See* Concilio Mision Cristiana Fuente de Agua Viva, Inc. v. Ortiz-Hernandez, No. CV 22-1206 (RAM), 2024 WL 326796 (D.P.R. Jan. 29, 2024) Although Plaintiffs have stated their concern for government bias potentially leading to the dismissal of their Complaint, this court cannot simply adjudicate where it would not otherwise be appropriate.

## IV. CONCLUSION

After reviewing the Complaint, the Court finds that transferring this case *sua sponte* is appropriate under 28 U.S.C. § 1404(a). Considering the facts alleged in the Complaint at Docket No. 1, the Court concludes that it is in the interest of justice and the convenience of the parties to transfer the case to the Eastern District of Virginia.

For the foregoing reasons, the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Eastern District of Virginia. This case is now closed in the District of Puerto Rico for statistical purposes. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, October 16, 2024.

s/ Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
United States District Judge